WO                                                                                                          SKC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Melinda Gabriella Valenzuela, | No. CV 18-01189-PHX-MTL (MHB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Patricia Schmidt, et al., | |
| Defendants. | |

Plaintiff Melinda Gabriella Valenzuela, who is currently confined in the Arizona State Prison Complex-Florence, brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendants have filed a Motion to Dismiss (Doc. 60), and Plaintiff opposes the Motion. (Doc. 62.)[1] Plaintiff has also filed a "Motion for Injunction Due to Safety and in Suicide Cell" (Doc. 64), which the Court construes as a Motion for Preliminary Injunction.

The Court will grant the Motion to Dismiss, dismiss this action with prejudice, and deny the Motion for Preliminary Injunction for lack of jurisdiction.

**I.    Background**

On screening of Plaintiff's two-count Complaint pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment failure-to-protect claim in Count Two against Defendant former Arizona Department of Corrections (ADC) Director

---

[1] Plaintiff titled her Response "Motion for Rule 60 Relief Opposed to Dismissal," and the Clerk of Court docketed it as both a Rule 60 Motion for Relief and a Response. (Doc. 62.) To the extent Plaintiff seeks relief from a judgment or order under Rule 60 of the Federal Rules of Civil Procedure, she does not identify any judgment or order in this action as to which she seeks relief, and the Motion will be summarily denied.

Charles Ryan and directed Ryan to answer the claim. (Doc. 18.) The Court dismissed the remaining claims and defendants. (*Id.*) The Court subsequently substituted current ADC Director David Shinn for Ryan in his official capacity, but Ryan remains a Defendant in his individual capacity.

## II.     Motion to Dismiss

Defendant Ryan moves to dismiss this action with prejudice based on the August 9, 2019 Settlement Agreement and Release ("the Settlement Agreement") the parties executed in separate action *Valenzuela v. Mooney,* CV 18-00555-PHX-MTL (MHB). (Doc. 60 at 1.) In the Settlement Agreement, Plaintiff agreed to the dismissal of ADC Defendants with prejudice in that action and three other then-pending actions, including this one. (*See* Doc. 60, Attach. A.) The Court previously stayed all three actions until several post-judgment motions Plaintiff had filed in *Valenzuela v. Mooney*, including a motion that the Court construed as a Rule 60(b) Motion to Reopen, were resolved. (*See* Doc. 63.) The Court subsequently denied all of Plaintiff's post-judgment motions in *Valenzuela v. Mooney*, ordered that action to remain closed, lifted the stay in this and the other two remaining actions against ADC Defendants, and directed the Clerk of Court to file that Order in each of these actions. (*See* Doc. 65.)[2]

Plaintiff opposes Defendant's Motion to Dismiss on the grounds that her signature on the Settlement Agreement was forged and defense counsel failed to make Court-ordered changes to that agreement. (Doc. 62.) The Court already addressed these and other similar arguments in *Valenzuela v. Mooney* and finds they are not a basis to deny Defendant's Motion to Dismiss. In brief, the Court held a hearing in *Valenzuela v. Mooney* on August 9, 2019, at which the parties agreed on the record to the terms of the Settlement Agreement,

---

[2] The other two actions are *Valenzuela v. Rogers,* CV 18-00211-PHX- MTL (MHB), in which the Court has since granted Defendants' Motion for Summary Judgment on the merits and denied as moot ADC Defendants' Motion to Dismiss based on the Settlement Agreement (Doc. 114), and *Valenzuela v. Monts*, CV 17-03941-PHX-MTL (MHB), in which ADC Defendants have also filed a Motion to Dismiss based on the Settlement Agreement (Doc. 60.) In *Valenzuela v. Monts*, Plaintiff filed a Notice of Interlocutory Appeal to the Ninth Circuit Court of Appeals, which is currently pending a pre-filing review order from the Ninth Circuit. (*Id.*, Docs. 79, 80.)

as amended at that hearing ("the Revised Settlement Agreement"). (*See Valenzuela v. Mooney*, CV 18-00555, Docs. 171, 173.) As relevant here, the Revised Settlement Agreement included the dismissal with prejudice of this action. Plaintiff subsequently moved to have the settlement set aside on the grounds that it had been coerced and Defendants had failed to make changes to the signed Settlement Agreement in accordance with the August 9, 2019 hearing. (*See id.* Doc. 180.) The Court found the first argument without merit, noting that, at the August 9, 2019 hearing,

> Plaintiff entered into numerous substantive exchanges with the Court and opposing counsel, sought reasonable clarifications and assurances, and requested or agreed to various additions or deletions prior to verbally assenting to the Settlement Agreement and moving to withdraw her Rule 60(b) Motion.

(*Id.*, Doc. 188 at 4.) The Court also found that, substantively, Plaintiff failed to identify any changes to the Settlement Agreement she wished to make that she had been unable to request. (*Id.*) The Court went on to find, however, that "Plaintiff nonetheless raises legitimate concerns that the revised Settlement Agreement failed to make a substantive change defense counsel agreed to and the Court ordered at the August 9, 2019 hearing." (*Id.* at 5.) Consequently, the Court ordered Defendants to show cause why the action should not be reopened under Rule 60(b) due to their failure to revise the Settlement Agreement in accordance with the August 9, 2019 hearing. (*Id.*, Doc. 190.) Thereafter, the Court ordered Defendants to the make those changes and re-execute the Settlement Agreement. (*Id.*, Doc. 194.)

Defendants complied with the Court's Order to the extent that they revised the Settlement Agreement (*see id.*, Doc. 191, Ex. A); Plaintiff, however, refused to sign the Revised Settlement Agreement, even though the terms therein were consistent with her stipulations on the record at the August 9, 2019 hearing.[3] The Court found that "Plaintiff's

---

[3] The Court found that "[a] simple comparison of the document signed by Plaintiff on August 9, 2019 . . . with the Revised Settlement Agreement shows that the changes accurately reflect the agreements put on the record and that the cases that Plaintiff agreed to dismiss are the same." (*Valenzuela v. Mooney*, CV 18-00555, Doc. 191 at 2.)

after-the-fact refusal to sign the Revised Settlement [Agreement], despite it being consistent with the terms she already agreed to on the record, [wa]s not a reason to reopen this closed action under Rule 60(b)," and that Defendants' duty to re-execute the Settlement Agreement had been discharged.  (*Id.*, Doc. 194.)

Plaintiff has since filed numerous motions in this and the other actions subject to the Revised Settlement Agreement, and continues to do so, including in those actions that are already closed and on appeal, wherein the Court has informed her it lacks jurisdiction following her Notice of Appeal.  In each instance, Plaintiff continues to make the same arguments regarding the alleged impropriety of the settlement of these actions that the Court has already thoroughly adjudicated both at the August 9, 2019 hearing and in multiple follow-up Orders.  In short, Plaintiff has already agreed on the record to the dismissal of ADC Defendants with prejudice in this action as part of her settlement of *Valenzuela v. Mooney*, CV 18-00555, and she presents no valid bases for the Court to withdraw that settlement.  Wherefore, the Court will grant Defendant's Motion to Dismiss and will dismiss ADC Defendants and this action with prejudice.

**IT IS ORDERED:**

(1)   The reference to the Magistrate Judge is **withdrawn** as to Defendant Ryan's Motion to Dismiss (Doc. 60), Plaintiff's Motion for Rule 60 Relief Opposed to Dismissal (Doc. 62), and Plaintiff's Motion for Preliminary Injunction (Doc. 64).

(2)   Defendant's Motion to Dismiss (Doc. 60) is **granted**, and ADC Defendants and this action are **dismissed with prejudice** pursuant to the settlement agreement discussed herein.  The Clerk of Court must enter judgment accordingly.

(3)   Plaintiff's Motion for Rule 60 Relief Opposed to Dismissal (Doc. 62) is summarily **denied**, and Plaintiff's Motion for Preliminary Injunction (Doc. 64) is **denied** for lack of jurisdiction.

Dated this 8th day of June, 2020.

Michael T. Liburdi
United States District Judge